UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| TIFFANY C. COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-46 RLW ) |
| EMBASSY SUITES BY HILTON, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. In its motion, Defendant Embassy Suites by Hilton ("Embassy Suites")[1] moves to dismiss on the basis that Plaintiff, who is proceeding pro se, failed to exhaust her administrative remedies with regard to her claim of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). In the alternative, Defendant argues Plaintiff fails to plead any facts to support her retaliation claim under Title VII, and she fails to assert any facts to support a claim of wrongful termination. Plaintiff did not respond to Defendant's motion to dismiss in a timely manner, and on April 15, 2020, the Court issued an Order to Show Cause, ordering Plaintiff to show case, in writing, as to why she failed to respond to Defendant's motion. On April 22, 2020, Plaintiff filed a letter as a response to Defendant' motion to dismiss. Plaintiff did not respond to the Order to Show Cause or indicate why she was late in filing her response to

---

[1] Defendant notes in its Motion to Dismiss that its proper name is Embassy Suites Management LLC, not Embassy Suites by Hilton.

1

the motion to dismiss. Defendant filed a motion to strike Plaintiff's response, to which Plaintiff did not respond.

For the following reasons, the Court will deny Defendant's motion to dismiss, without prejudice, and order Plaintiff to file an Amended Complaint on the Court's Employment Discrimination Complaint form. The Court will also deny Defendant's motion to strike.

## Background

Plaintiff initially filed suit against Embassy Suites in the Circuit Court of St. Louis City, Missouri, on December 4, 2019. Plaintiff's Petition, which is a two-page hand-written letter, contains a narrative in which she describes the circumstances of her termination of employment from Embassy Suites. In her narrative, Plaintiff also states that she had a grievance "with the Union Rep," and that she was retaliated against numerous times before September 9, 2019. (ECF No. 3 at 2). "Every time I ask for a Grievance Union meeting, here comes all the false statements and write ups." Id. Plaintiff also alleges "Mark Brown is very selective in his employees and always have [sic] played favoritism between employee [sic] meaning people of my color had [one] chance while other races get unlimited chances before they are terminated." Id. Plaintiff refers to no laws or statutes in her Petition and does not specify the relief she is seeking.

Plaintiff did attach to her Petition a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") dated September 9, 2019, and her charge of discrimination, which she dual filed with the EEOC and the Missouri Commission on Human Rights ("MCHR"). Her charge of discrimination is directed at Embassy Suites by Hilton for discrimination that took place between January 31, 2019, and September 6, 2019. Plaintiff only checked the box for "retaliation" when asked on what grounds her discrimination was based.

2

In the narrative portion of the charge, Plaintiff wrote:

> On 4/1/2018, I was hired by the above-named employer as a Housekeeper. Monica Johnson, Executive Housekeeper, was my immediate supervisor. After I complained of mistreatment, I was retaliated against by being disciplined and discharged.
>
> In 1/2019, I wrote a statement to my Union Representative, Kim Last Name Unknown, about mistreatment at my place of employment. Subsequently, I received numerous write ups that caused my termination.
>
> For the above stated reason, I believe that I was disciplined and discharged in retaliation, after engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 3, Ex. 2).

On January 10, 2020, Defendant removed the case to this Court pursuant to 28 U.S.C. §1331 and § 1441. Defendant maintains this Court has federal question subject matter jurisdiction because Plaintiff is bringing a claim under Title VII. Following removal, Defendant filed its Rule 12(b)(6) motion to dismiss, which is presently at bar.

## Discussion

The Court declines address the merits of Defendant's Motion to Dismiss because there are fundamental problems with Plaintiff's Petition that prevent the Court from evaluating Defendant's motion, namely it is unclear what claim(s) she is asserting and what relief she seeks. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney, Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010); Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994), but they must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). That said, a pro se litigant is not excused from complying with procedural

rules, including the Federal Rules of Civil Procedure, and specifically Rule 8. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986),

The Court has reviewed Plaintiff's Petition finds that it does not meet the basic requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's Petition is a narrative in the form of a letter. It does not set forth "a short and plain statement" of her claim showing that she "is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant removed on the basis of federal question jurisdiction, but it is unclear under which law or laws Plaintiff is bringing suit. In the Petition itself there is no reference to any law or statute. Plaintiff referred to Title VII in her charge of discrimination, which was attached to the Petition, but Title VII is not mentioned in the text of the Petition. Moreover, in her Petition Plaintiff describes retaliation related to the filing of union grievances, but it is unclear whether she intends to pursue a retaliation claim under applicable labor law.

The Petition is also defective because it does not contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). It is impossible to ascertain if Plaintiff is seeking money damages or equitable relief, such as an injunction or declaratory relief. The Petition is defective because it does not specify the relief Plaintiff seeks by filing suit. Id.

In addition, the Petition does not meet the basic requirements of Rule 10 of the Federal Rules of Civil Procedure in that the Petition does not have a caption that names the parties Plaintiff is suing; it does not have a title; and the claims are not in numbered paragraphs.

In light of the fact that Plaintiff is proceeding pro se and this case was removed from state court to federal court, the Court will deny, without prejudice, Defendant's motion to dismiss and allow Plaintiff to file an amended complaint that conforms with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff must submit the amended complaint on a court-

provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. In her amended complaint, Plaintiff must state the full name of all the defendants against whom she desires to bring a claim. Defendant Embassy Suites has indicated that it was not sued under its proper name, and Plaintiff should correct the name of this Defendant. Plaintiff is cautioned that the filing of an amended complaint replaces her Petition, and so it must include all claims she wishes to bring. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). **If Plaintiff fails to timely comply with this Memorandum and Order and file an Amended Complaint, the Court will dismiss this action without prejudice and without further notice.**

Plaintiff is also warned that although she is representing herself pro se, she is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).[2] In addition to the defects in her Petition, Plaintiff's response to Defendant's motion to dismiss did not have a caption or title, and it was untimely. Plaintiff also did not respond to the Court's Order to Show Cause. In the future, all documents Plaintiff submits for filing must include a caption, title, and Plaintiff's signature and contact information. Plaintiff must communicate with the Court in writing by motion or memorandum only, not letters, and Plaintiff's filings must be timely. To file a document out of time, Plaintiff must file a motion for leave and show good cause as to why she cannot meet the filing deadline. And importantly, Plaintiff must comply with all

---

[2] Links to this Court's Local Rules and the Federal Rules of Civil Procedure are available on the Court's Internet website, http://www.moed.uscourts.gov.

orders of this Court. Failure to comply with the Court's orders or to follow the Federal Rules of Civil Procedure or the Local Rules of this Court may result in dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED, without prejudice.** [ECF No. 11]

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike is **DENIED.** [ECF No. 15]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**If Plaintiff fails to timely comply with this Memorandum and Order and file an Amended Complaint, the Court will dismiss this action without prejudice and without further notice.**

*(signature)*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2020.